IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ABIGAIL E. BROWN,                                                  OPINION and ORDER

                                                               17-cv-342-bbc

                       Plaintiff,

         v.

COUNTRY VIEW EQUESTRIAN CENTER, INC.,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Abigail Brown has brought a state law negligence claim against defendant Country View Equestrian Center, Inc., alleging that she was injured during a private horseback riding lesson on her own horse when defendant's employee allowed another "high-spirited" horse to enter the arena in which plaintiff was having her lesson. The court has jurisdiction under 28 U.S.C. § 1332. Now before the court are three motions filed by defendant:

       1. A motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted on the ground that Wisconsin's equine immunity statute, Wis. Stat. § 895.481, bars plaintiff's claim. Dkt. #8. Plaintiff opposes the motion, citing an exception to the immunity statute involving the provision of an equine that defendant did not manage safely.

       2. A motion to disqualify plaintiff's counsel, David Brown, because he is plaintiff's

1

father, was present at the time of the incident and is likely to be a witness in this case. Dkt. #6.

3. A motion for sanctions and request for reasonable attorney fees and costs under Fed. R. Civ. P. 11(c) on the ground that plaintiff asserted frivolous legal claims that are not supported by existing law in violation of Rule 11(b)(2). Dkt. #12.

For the reasons discussed below, I conclude that the exception does not apply and defendant cannot be held liable for negligence. Therefore, I am granting defendant's motion to dismiss the complaint. Because I find that plaintiff's reliance on the exception to the equine immunity was not groundless, I am denying defendant's motion for sanctions and fees. Finally, because I am dismissing this case, it is unnecessary to address defendant's motion to disqualify counsel and I will deny that motion as moot.

For the sole purpose of deciding this motion, I accept as true the following facts alleged in plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Abigail Brown is a citizen of Missouri. Defendant Country View Equestrian Center, Inc. is a Wisconsin corporation that owns and operates a horse boarding and riding stable in Monroe, Wisconsin. On March 4, 2016, plaintiff took a private riding lesson from defendant's professional instructor, Crimson Pulver, at defendant's indoor riding facility. During the lesson, plaintiff rode her own horse, a registered Thoroughbred gelding known as Golden Gift.

Before beginning the lesson, plaintiff informed Pulver that her horse had very little formal training and that she was new to English-style jumping. Pulver told plaintiff to ride on a loose rein with no contact on the horse's mouth and to enter a trot. After plaintiff's lesson commenced, Pulver directed another horse and rider to enter the arena with plaintiff so that Pulver could determine the jumping ability of the other horse for the purpose of valuing it for resale. Pulver had been told that the horse was too high-spirited for its current owner and required a very experienced rider, beyond the abilities of the current owner.

While plaintiff was riding Golden Gift on a loose rein as instructed, Pulver asked the rider of the other horse to jump a fence in the arena. As the other rider turned the horse toward the fence, the horse stopped suddenly, dropped its head and sped away, bucking and leaping out of control until it collided with Golden Gift. Plaintiff was thrown into the air and fell to the ground, injuring her left leg and ankle.

## OPINION

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal sufficiency. In resolving such a motion, the court takes all well-pled facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party. Reger Development, LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Defendant contends that plaintiff's negligence claim is not plausible because Wisconsin's equine immunity statute, Wis. Stat. § 895.481, shields defendant and its employees for their acts and omissions related to equine activities. The statute extends broad immunity to those who sponsor or provide horseback riding and other equine activities:

> Except as provided in subs. (3) and (6), a person, including an equine activity sponsor or an equine professional, is immune from civil liability for acts or omissions related to his or her participation in equine activities if a person participating in the equine activity is injured or killed as the result of an inherent risk of equine activities.

Wis. Stat. § 895.481(2). Subsections (3) and (6) provide a number of exceptions to the general rule of immunity. Although defendant has the burden of proving that immunity applies, Rintelman v. Boys & Girls Clubs of Greater Milwaukee, Inc., 2005 WI App 246, ¶¶ 17, 18, 288 Wis. 2d 394, 707 N.W.2d 897, plaintiff has the burden of proving that the case falls within an exception to the statute. Acuity Mutual Insurance Co. v. Olivas, 2007 WI 12, ¶ 44, 298 Wis. 2d 640, 726 N.W.2d 258.

Because plaintiff does not oppose defendant's contention that it falls within the overall scope of the equine immunity statute and argues that one of the exceptions applies, I will construe her response as an agreement that the statute bars her claim unless an

4

exception applies. Plaintiff contends that the following exception applies in this case:

> (3) The immunity under sub. (2) does not apply if the person seeking immunity does any of the following:
>
> *   *   *
>
> (b) Provides an equine to a person and fails to make a reasonable effort to determine the ability of the person to engage safely in an equine activity or to safely manage the particular equine provided based on the person's representations of his or her ability.

Wis. Stat. § 895.481(3)(b).

The parties' dispute about the applicability of this exception turns in significant part on whether defendant's instructor "provided an equine" to plaintiff when it is undisputed that she brought her own horse to the lesson. The Wisconsin court of appeals has interpreted the term "provides" in § 895.481(3)(b) to mean "'to make available for use an equine that the provider either owns or controls.'" Hellen v. Hellen, 2013 WI App 69, ¶ 23, 348 Wis. 2d 223, 237, 831 N.W.2d 430, 437 (quoting Barritt v. Lowe, 2003 WI App 185, ¶ 11, 266 Wis.2d 863, 669 N.W.2d 189) (finding that defendant provided horse to plaintiff by allowing plaintiff to hold horse's lead rope while plaintiff blanketed horse in preparation for riding). The court of appeals explained in Hellen that even though the defendant may have retained full or primary control over the horse when she asked the plaintiff to hold the lead rope, some equine activities "would not ordinarily involve the transfer of full control, or perhaps any control, of the equine." Id. at ¶ 31 ("If we interpreted the statute to make a transfer of full or partial control the dispositive factor, we would in effect be reading at least some of the defined equine activities out of the statute.").

5

Focusing on the idea of "control," plaintiff argues that even though she owned Golden Gift, she had relinquished control of her horse to Pulver, who instructed her to ride on a loose rein and push Golden Gift into a trot. Plaintiff also alleges that Pulver "controlled" the arena and "spatial requirements" of the private lesson. I conclude, however, that even if Pulver may have exercised control over the lesson and plaintiff's behavior with respect to her horse, Pulver did not make Golden Gift available for plaintiff's use. The state court of appeals has found that "[p]roviding . . . suggests that the person supplying the item for use retains some interest in the item." Barritt, 2003 WI App 185, ¶ 10 (defendant not liable for injuries plaintiff sustained after she was told to retrieve her own horse from stable, even though she had purchased horse from defendant at earlier date). In addition, in Hellen, the court of appeals recognized that "a person who already owns or controls an equine can participate in an equine activity without being provided with an equine." Id. at ¶ 31. See also Muller v. English, 221 Ga. App. 672, 674, 472 S.E.2d 448, 451 (1996) (holding similar exception to Georgia immunity statute inapplicable in case in which plaintiff provided her own horse for fox hunt).

In sum, I conclude that even reading the allegations in the complaint in a light most favorable to plaintiff, the facts alleged by plaintiff establish that defendant falls within the scope of the equine immunity statute and that the statutory exception cited by plaintiff, Wis. Stat. § 895.481(3)(b), does not apply in this case. I do not agree, however, that plaintiff's arguments regarding the exception were baseless and decline to impose sanctions or award defendant attorney fees and costs. Philos Technologies, Inc. v. Philos & D, Inc., 802 F.3d

905, 917 (7th Cir. 2015) ("A court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless."); Lerch v. Boyer, 929 F. Supp. 319, 324 (N.D. Ind. 1996) ("[T]he mere absence of legal precedent, the presentation of an unreasonable legal argument, or the failure to prevail on the merits of a particular legal contention . . . cannot justify a finding of frivolousness."). Further, the fact that plaintiff's complaint did not meet the Rule 12(b)(6) standard does not mean that it automatically fails to pass Rule 11 scrutiny. Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Services, Inc., 9 F.3d 1263, 1270 (7th Cir. 1993) ("Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays.").

ORDER

IT IS ORDERED that

1. Defendant Country View Equestrian Center, Inc.'s motion to dismiss the complaint for plaintiff Abigail E. Brown's failure to state a claim, dkt. #8, is GRANTED.

2. Defendant's motion for sanctions, dkt. #12, is DENIED.

3. Defendant's motion to disqualify counsel, dkt. #6, is DENIED as moot.

4. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 2d day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge