IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ABIGAIL E. BROWN,                                   OPINION AND ORDER

                                                                               17-cv-342-bbc

                 Plaintiff,

      v.

COUNTRY VIEW EQUESTRIAN CENTER, INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 3, 2017, I entered an order (1) granting defendant Country View Equestrian Center, Inc.'s motion to dismiss plaintiff Abigail Brown's state law negligence claim relating to an injury plaintiff suffered during a horseback riding lesson on her own horse; (2) denying defendant's motion for sanctions under Fed. R. Civ. P. 11(c); and (3) denying defendant's motion to disqualify plaintiff's counsel. Dkt. #22. With respect to the merits of the case, I found that Wisconsin's equine immunity statute, Wis. Stat. § 895.481, barred plaintiff's claim and that the statutory exception cited by plaintiff, Wis. Stat. § 895.481(3)(b), did not apply in this case. On September 25, 2018, the Court of Appeals for the Seventh Circuit affirmed that decision. Dkt. #32. Now before the court are defendant's motion for attorney fees (or sanctions) under 28 U.S.C. § 1927, and plaintiff's motion to strike defendant's motion. Dkt. ##30, 37.

For the reasons discussed below, I am denying plaintiff's motion to strike and defendant's motion for attorney fees.

1

OPINION

Defendant asks the court to award attorney fees and costs under 28 U.S.C. § 1927, which provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Unlike a sanction imposed under Rule 11, a sanction under § 1927 is not limited to cases involving frivolous claims or subjective bad faith. Boyer v. BNSF Railway Co., 824 F.3d 694, 708 (7th Cir.), cert. denied, 137 S. Ct. 391 (2016). However, "[s]imple negligence" by the attorney does not warrant a sanction under § 1927. Id. Rather, "[a] finding of subjective bad faith on the part of the offending attorney will support the imposition of sanctions under section 1927, but such a finding is not necessary; 'objective bad faith' will also support a sanctions award." Id. (quoting Dal Pozzo v. Basic Machine Co., 463 F.3d 609, 614 (7th Cir. 2006)). See also In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law."). The Court of Appeals for the Seventh Circuit has instructed courts to be mindful that "sanctions are to be imposed sparingly." Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003).

As an initial matter, plaintiff has moved to strike defendant's motion on the ground that it makes its request for relief in the wrong jurisdiction because the court of appeals

2

should issue a decision with respect to sanctions for an attorney's conduct on appeal. However, the United States Supreme Court has rejected the argument that a court may sanction only conduct occurring in its presence and not other tribunals. Chambers v. NASCO, Inc., 501 U.S. 32, 57 (1991). In this case, defendant's motion challenges the conduct of plaintiff's counsel in both this court and the court of appeals. Although plaintiff also argues that defendant's motion is untimely because defendant filed it more than 14 days after the court of appeals issued its final judgment, Fed. R. App. P. 39(d) (motions for sanctions must be filed within 14 days of entry of judgment by court of appeals), Fed. R. App. P. 54(d)(2)(E) specifically excludes claims under 28 U.S.C. § 1927 from the 14-day deadline. Therefore, I will deny the motion to strike.

In its motion for sanctions, defendant contends that plaintiff's counsel knew that his argument regarding the applicability of the exception to the equine immunity statute was not sound under Wisconsin law and yet failed to abandon it, forcing defendant to incur unnecessary litigation expenses in this court and in the court of appeals. Specifically, plaintiff argued unsuccessfully that defendant "provided" the horse that she brought to the horseback-riding lesson because defendant's instructor, Crimson Pulver, exercised control over the horse when Pulver instructed plaintiff to ride on a loose rein and push the horse to trot. Wis. Stat. § 895.481(3)(b) (immunity does not apply to person who fails to manage safely "the particular equine provided"). Defendant points out that in its written decision, the Court of Appeals for the Seventh Circuit described the argument as "bizarre" and "a far-fetched interpretation of the exception" and the term "provide." Dilley v. Holiday Acres

3

Properties, Inc., 905 F.3d 508, 516 (7th Cir. 2018) (consolidating appeals in Dilley and plaintiff's case). However, as I explained in the previous order denying sanctions under Rule 11, I am not persuaded that the argument was unsound or completely groundless. The resolution of this case required an interpretation of the particular phrasing of the statutory exception and a review of Wisconsin case law that had not addressed the exact situation at issue in this case.

Defendant also argues that plaintiff's attorney acted in bad faith by (1) filing this lawsuit on behalf of his daughter, even though he knew that he could be disqualified because he witnessed the accident in question; (2) using his position as a member of the Highland College board of directors to attempt to influence the college not to hire defendant to provide equestrian training for the college's students; and (3) rejecting defense counsel's suggestion to keep appellate costs under control by submitting only written briefs or making oral arguments by telephone. Although I agree that these actions suggest that plaintiff's attorney may be overly zealous in his pursuit of damages on behalf of his daughter, I am not persuaded that his actions were vexatious or unreasonably intended to multiply unnecessary proceedings in this case. Accordingly, I will deny the motion for attorney fees.

ORDER

IT IS ORDERED that plaintiff Abigail Brown's motion to strike, dkt. #37, and defendant Country View Equestrian Center, Inc.'s motion for attorney fees, dkt. #30, are DENIED.

Entered this 14th day of March, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge